**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
| v. | : | Crim No. 06-867 (JHR) |
| KASIEM BROWN, a/k/a "KING" | : | **MEMORANDUM OPINION** |

This matter comes before the Court on Defendant Kasiem Brown's pre-trial motions.  Defendant moves to strike language as surplusage in the superseding indictment [40] pursuant to Federal Rule of Criminal Procedure 7(d).  Defendant contends that the language "Kasiem Brown's illegal activities, including his prostitution business" should be stricken because it is "prejudicial, irrelevant, and scandalous." (Def.'s Br., p. 3.)  Likewise, Defendant seeks to strike sections C1, C2, and C3 from the Government's Statement of Facts in its Opposition Brief, as each section refers to prostitution.  The Government answers that the language is highly relevant because it illustrates both motive and the object of the conspiracy.  In any event, the Government recommends that the Court reserve its ruling on the issue until the evidence is submitted.  Defendant also moves to suppress any and all recordings of his telephone calls during his pretrial detainment at the Federal Detention Center ("FDC") from December 10, 2007 through March 30, 2008 [54] under the Fourth, Fifth, and Sixth Amendments to the U.S. Constitution.  For the reasons set forth below, Defendant's motions are denied.

1

I.

Rule 7 provides in pertinent part, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). This rule protects the defendant "against immaterial or irrelevant allegations in the indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) Advisory Committee's Note. In accordance with the Advisory Committee's Note, a court may strike surplusage from an indictment "when it is both irrelevant (or immaterial) *and* prejudicial." United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) (emphasis added). As stated by the Third Circuit:

> Logic demands the conjunctive standard: information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.

Id. No less than five Courts of Appeals agree with this conclusion. Id. (citing United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998); United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990); United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979); United States v. Anderson, 579 F.2d 455, 457 n. 2 (8th Cir. 1978), cert. denied, 439 U.S. 980; United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971)).

Here, Defendant moves to strike the following language from the superseding indictment as surplusage--"Kasiem Brown's illegal activities, including his prostitution business", plus sections C1, C2, and C3 from the Government's Opposition Brief. (Def.'s Notice of Motion, filed 2/14/2008.) With respect to the indictment language, the Government contends that Defendant moved only to strike "the allegations of the prostitution business". (See 7/8/2008 Tr. at 23 and Gov't Opp'n Br. p. 2.) This

2

contention is probably based on Defendant's lack of argument with respect to the "illegal activities" language in his brief. (See generally Def.'s Brief in Support of Motion to Strike.) The record is clear, however, that Defendant moved to strike the *entire* phrase listed above. (See Notice of Motion, supra; see also 7/8/2008 Tr. at 22.) ("Our concern is the prostitution business. He is not charged with prostitution. Or [*sic*] concern is also illegal activities. The illegal activities is a fairly broad phrase.") As a result, the entire phrase quoted above shall be considered for purposes of this motion.

Motions to strike surplusage are rarely granted. United States v. Aguilar, 256 F. Supp. 2d 306, 317 (D.N.J. 2003). This rarity is due to the "exacting standard" described above. See United States v. Giampa, 904 F. Supp. 235, 271 (D.N.J. 1995). Yet, despite this rarity, the language in the "Object" paragraph of the indictment– "illegal activities, including"–is cause for concern. (See Superseding Indictment p. 4.) Much like the words *"and other activities"*, stricken from an indictment in United States v. DePalma, 461 F. Supp. 778, 797 (S.D.N.Y. 1978), here, too, the phrase "adds nothing to the charges, [and] gives the defendant no further information with respect to them..." DePalma, 461 F. Supp. at 797.

The Government suggests that the evidence submitted at trial may bear out the relevance of this language. (7/08/2008 Tr. at 31) ("We don't know what it [the case] will look like finally until we rest at trial.") Thus, it may be the case that other "illegal activities", in addition to the alleged prostitution business, will be shown at trial for purposes of motive or as the object of the charged conspiracy.[1] In light of that

---

[1] Of course, even if the evidence is admissible under 404(b), such evidence may still be excluded if its probative value is substantially outweighed by its prejudicial nature. See

possibility, and due in part to the prejudicial nature of the language itself, the Government stipulates that it will not read the indictment to the jury until it is compared to the evidence. (Id. at 31-2) ("That will be the first time the Indictment will be read to the jury during the final charge.") Having received this stipulation on the record, prudence dictates the denial of Defendant's motion without prejudice at this time. Other courts confronting this very issue have held the same. See, e.g., United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992); United States v. Fahey, 769 F.2d 829, 842 (1st Cir. 1985); United States v. Rahman, 1994 WL 388927, *6 (S.D.N.Y. July 22, 1994). Defendant may renew his motion at trial, at which time the Court shall address the language contained in the indictment and the Government's Opposition Brief.

II.

Defendant also moves to suppress recordings of his telephone conversations during his stay at the FDC from December 10, 2007 through March 30, 2008. Defendant contends that the recordings violate his right to privacy under the Fourth Amendment, his right not to incriminate himself under the Fifth Amendment, and his right to counsel under the Sixth Amendment. The Government contends that Defendant gave express and implied consent to the recording of his telephone calls. This court agrees, and for the foregoing reasons, Defendant's motion is denied.

Defendant received the FDC's Admission & Orientation Inmate Handbook ("Handbook") upon entry to the FDC. This Handbook explicitly states "[a]ll inmate

---

Fed. R. Evid. 404(b) and 403.

telephone calls will be monitored." (Gov't Ex. A at 14.) The Handbook then details the means through which a detainee may conduct an unmonitored call, should the detainee desire such a call. (Id.) Defendant signed a form acknowledging his notice of this policy on November 29, 2007. (Gov't Ex. B, Acknowledgment of Inmate, Part 3 & 4.) Specifically, Defendant acknowledged that, "I have read ... the above notification on the monitoring of inmate telephone calls. I understand that telephone calls I make from institution telephones may be monitored and recorded." (Id.)

Courts have held that defendants have no reasonable expectation of privacy in non-attorney telephone calls made from a detention center once defendant has received notice of monitoring and recording of such calls. See, e.g., United States v. Solomon, F. Supp. 2d 2007 WL2702792, *1 (W.D.Pa. September 13, 2007); United States v. Plummer, F. Supp. 2d 2006 WL 2226010, *6 (W.D.Pa. August 2, 2006) (holding same); see also United States v. Willougby, 860 F.2d 15, (2d Cir. 1988) (holding same, and finding that "maintenance of prison security and the preservation of institutional order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of ... pretrial detainees.") (internal quotations omitted). This authority is persuasive; Defendant's motion to suppress under the Fourth Amendment is therefore denied because Defendant had no reasonable expectation of privacy in his telephone calls after receiving notice of FDC policy.

As for Defendant's remaining grounds, both the Fifth and Sixth Amendment arguments fail to carry the day. In fact, Defendant makes no explicit argument under either amendment except to say his "rights not to incriminate himself under the Fifth Amendment [were violated]" and "his right to counsel to defend himself in this criminal

matter under the Sixth Amendment [was violated]" by the telephone recordings. (Def. Br., p. 2.) He then undercuts himself by acknowledging that the Bureau of Prisons has the right to "monitor the telephone calls of prisoners". (Id.)

As stated by the Supreme Court, "[t]he Fifth Amendment prohibits only compelled testimony that is incriminating." Hiibel v. Sixth Jud. Dist. Ct. of Nev., Humboldt County, 542 U.S. 177, 189 (2004) (citing Brown v. Walker, 161 U.S. 591, 598 (1896)). Here, Defendant voluntarily made telephone calls to family members and friends; not once did he call a law enforcement officer. (Gov't Ex. D at 3-6.) Such calls do not fall into the category of "compelled testimony that is incriminating". As a result, Defendant's motion to suppress under the Fifth Amendment is denied.

Defendant's Sixth Amendment argument also fails. To win on this ground, Defendant must show that the Government "took some action, beyond merely listening, deliberately designed to elicit incriminating remarks." Kuhlmann v. Wilson, 477 U.S. 436, 459 (1986). Here, Defendant shows no government action other than the passive recording and monitoring of his telephone calls. Moreover, his calls are considered spontaneous statements due to their voluntary nature. See United States v. Henry, 447 U.S. 264, 276 (1980) (Powell, J. concurring). Therefore, Defendant's motion to suppress under the Sixth Amendment is denied.

III.

For the foregoing reasons, Defendant's motion to strike language as surplusage in the superceding indictment is denied without prejudice, subject to renewal at trial. Defendant's motion to suppress the telephone recordings is denied with prejudice.

/s/ Joseph H. Rodriguez
U.S.D.J.

<u>December 18, 2008</u>
     DATE